**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Jack Cooper Transport Company, LLC *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-10416 (BLS)<br>(Jointly Administered)<br><br>**Re D.I. 105, 137** |

**ORDER APPROVING TRUSTEE'S MOTION FOR AUTHORITY TO SELL ASSETS PURSUANT TO ASSET DISPOSITION PLAN**

Upon consideration of the *Trustee's Motion for Authority to Sell Assets Pursuant to Asset Disposition Plan* (the "Motion");[2] the relief requested in the Motion appearing to be in the best interests of the Estates; adequate notice of the Motion having been given; and after due deliberation and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[3]

A. The Notice Procedures are appropriate and sufficient to provide proper notice to all parties in interest. Actual written notice of the Motion was provided to the Notice Parties, and constituted proper, timely, adequate, and sufficient notice of the Motion, the hearing on the Motion, the Asset Disposition Plan, the Sales of Assets, and the other relief requested in the Motion in

[1] The Debtors in these chapter 7 cases and their case numbers are: JC TopCo., Inc.; 25-10402 (BLS); Auto & Boat Relocation Services Company, LLC; 25-10403 (BLS); Auto Handling, LLC; 25-10404 (BLS); Jack Cooper CT Services, LLC; 25-10405 (BLS); Jack Cooper Diversified II, LLC; 25-10406 (BLS); Jack Cooper Equipment Leasing, LLC; 25-10407 (BLS); Jack Cooper Holdings, LLC; 25-10408 (BLS); Jack Cooper Investments, Inc.; 25-10409 (BLS); Jack Cooper Logistics II, LLC; 25-10410 (BLS); Jack Cooper Rail & Intermodal, LLC; 25-10411 (BLS); Jack Cooper Rail and Shuttle, LLC; 25-10412 (BLS); JC Intermediate Holdings, Inc.; 25-10413 (BLS); JC Parent Corporation; 25-10414 (BLS); North American Auto Transportation, LLC; 25-10415 (BLS); Jack Cooper Transport Company, LLC; 25-10416 (BLS).

[2] Capitalized terms used but not defined herein shall have the meanings given in the Motion.

[3] These findings and conclusions constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

accordance with the Bankruptcy Code and Bankruptcy Rules. No other or further notice is or shall be required.

B. A reasonable opportunity to object and be heard with respect to the Motion and the Asset Disposition Plan has been afforded to all interested parties, including but not necessarily limited to the Notice Parties.

C. The Trustee may sell the Assets free and clear of all Interests against the Estates and/or any of the Assets because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code have been satisfied. Holders of Interests against any of the Assets who did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All other holders of Interests are adequately protected by having their Interests, if any, in each instance attach to the net cash proceeds of the Sale(s) ultimately attributable to the particular Asset(s) in which such creditor alleges an Interest, in the same order of priority, with the same validity, force and effect that such Interests had prior to the Sale, subject to any claims and defenses that the Estates may possess with respect thereto.

D. Good and sufficient reasons for approval of the Asset Disposition Plan, and the Sales to the Purchasers, have been articulated. The relief requested in the Motion is in the best interests of the Estates. The Trustee has articulated both (i) good, sufficient, and sound business purposes and justifications, and (ii) compelling circumstances for the Sales other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code in that, among

other things, the immediate consummation of the Sales to the Purchasers are necessary and appropriate to maximize the value of the Estates.

E. Given all of the circumstances of the Bankruptcy Cases, and the fact that the adequacy and fair value of the Sale prices will have been determined by a market-check via the Asset Disposition Plan, the Trustee's decision to sell the Assets to the Purchasers identified via the Asset Disposition Plan constitutes a reasonable and sound exercise of the Trustee's business judgment, and should be approved.

F. The consummation of the Sales is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), and 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transactions.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Asset Disposition Plan is approved. The Trustee is authorized to implement, and take all actions necessary to carry out, the Asset Disposition Plan.

3. The Notice Procedures are approved as providing proper, timely, adequate, and sufficient notice of the Motion, the hearing on the Motion, the Asset Disposition Plan, the Sales of Assets, and the other relief requested in the Motion in accordance with the Bankruptcy Code and Bankruptcy Rules.

4. The Trustee is authorized to sell the Assets in accordance with the Asset Disposition Plan, and convey title to the applicable Purchasers without further order of the Court, and to take all actions necessary to do so. Without limitation, the Trustee is authorized to execute,

acknowledge, and deliver the Purchase Instruments to the applicable Purchasers, a well as any such other certificates, deeds, assignments, conveyances, bills of sale, and other assurances, documents, and instruments of transfer as may be necessary to transfer title to the Assets to the applicable Purchasers.

5. All Sales of Assets by the Trustee pursuant to this Order shall be final, and shall be on an "AS-IS and WHERE-IS" basis, without any express or implied warranties, covenants, guarantees, or representations of any kind by the Trustee. Without limiting the generality of the foregoing, neither the Trustee nor any other person or entity shall be deemed to have made any representations regarding the Assets, and the Purchasers shall have no recourse against, and may not assert any claims against, the Estates, the Trustee or his professionals, the Debtors, Cerberus, or Ritchie Brothers based on any such alleged representations.

6. Pursuant to section 363(f) of the Bankruptcy Code, the Trustee's transfers of the Assets pursuant to the Asset Disposition Plan shall vest the applicable Purchasers with title free and clear of all Interests. Any such Interests, including, for the avoidance of doubt, all Interests of Cerberus, shall attach to the proceeds attributable to the property against or in which such Interests were asserted, subject to the terms thereof, with the same validity, force and effect, and in the same order of priority, that such Interests now have against such property. The Trustee, in accordance with the Sharing Agreement, shall turn over sale proceeds to Cerberus. Nothing in this Order amends, modified or affects the Sharing Agreement.

7. All persons or entities in possession of any of the Sold Assets are ordered to surrender possession of such Sold Assets to the Trustee, Ritchie Brothers, and/or the applicable Purchaser or its assignee as applicable. Each of the Estates' creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its

Interests in the Sold Assets, if any, as such Interests may have been recorded or may otherwise exist. If any person or entity that has filed statements or other documents or agreements evidencing Interests upon all or any of the Sold Assets shall not have delivered to the Trustee following the applicable Sale(s), in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all Interests that the person or entity has or may assert with respect to any of the Sold Assets, the Trustee and/or the Purchasers of such Asset(s) are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to such Assets.

8. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions authorized by this Order. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Interests and other encumbrances of record. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the Sales pursuant to this Order.

9. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee and Ritchie Brothers to sell and transfer the Sold Assets to the Purchasers in accordance with the terms of the Asset Disposition Plan, any Purchase Instruments, and this Order.

**Section 363(m) of the Bankruptcy Code**

10. This paragraph shall not apply to any Purchasers who are insiders of affiliates or the Debtors. Pursuant to section 363(m) of the Bankruptcy Code, the reversal or modification on appeal of the authorization provided herein to consummate the Sales shall not affect the validity of the Sales, unless such authorization and the Sales are duly stayed pending such appeal. The Purchasers are good faith buyers within the meaning of section 363(m) of the Bankruptcy Code and, as such, are entitled to the full protections of section 363(m) of the Bankruptcy Code.

**Other Provisions**

11. No valid and perfected lien of Cerberus in any Assets or Equipment (as defined in the Engagement Agreement) or other collateral subject to a certificate of title shall be invalid or unperfected as a result of the transfer of the possession of such original certificates of title to Ritchie Brothers to facilitate the sale of the Assets or Equipment or such other collateral pursuant to the terms of this Order.

12. Nothing in this Order or any of the Purchase Instruments releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order. Nothing in this Order or any Purchase Instrument authorizes the transfer or assignment to any Purchaser of any license, permit, registration, authorization, or

approval of or with respect to a governmental unit without the Purchaser's complying with all applicable legal requirements under non-bankruptcy law governing such transfers or assignments.

13. The stay of effectiveness provided in Bankruptcy Rule 6004(h) shall not apply to this Order, and this Order shall be effective immediately upon its entry.

14. Nothing in this Order or any Purchase Instrument shall transfer, release, impede or otherwise impair any causes of action of the Estates (or any defenses thereto), including but not limited to any avoidance actions (whether under chapter 5 of the Bankruptcy Code or otherwise) of the Estates.

15. No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sales.

16. The failure specifically to reference any particular provision of the Asset Disposition Plan in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Asset Disposition Plan is approved in its entirety. This Order shall govern in the event that any inconsistency exists between any Purchase Instrument (including all ancillary documents executed in connection therewith) and this Order.

17. Any Purchase Instrument may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Estates or any non-consenting third parties.

18. Notwithstanding any provision to the contrary, nothing in this Order or any Purchase Instrument shall constitute authorization for the sale of any equipment identified in Exhibit A of the *Motion for an Order (I) Compelling Immediate Rejection of Unexpired Equipment Lease and Surrender of Possession of Equipment and (II) Granting Related Relief filed by Nations*

*Fund I, LLC* ("Nations Fund") at Docket No. 70 (the "Nations Fund Equipment"). No Nations Fund Equipment shall be sold, transferred, or otherwise disposed of by the Trustee or the Trustee's agents, auctioneers, employees or independent contractors, except by further order of the Court or with Nations Fund's consent. This Order is without prejudice to all rights, claims and defenses of the Trustee and Nations Fund I, LLC with respect to the Nations Fund Equipment.

19. Notwithstanding anything to the contrary contained in this Order, with respect to any Assets owned by the Debtors that are located at the Fairfax Assembly Center, 200 East Marley Rd, Kansas City, Kansas 66115 (the "Premises") owned by General Motors Holdings, LLC and/or its affiliates (collectively, "GM"), if the Trustee wishes to inspect any such Assets, then the Trustee, Ritchie Brothers and GM shall work together to arrange for a mutually agreeable time for Ritchie Brothers to perform such visit and inspection of such Assets (and then collect or retrieve them, subject to the provisions below); provided that such mutually agreeable time once agreed to in writing by the Trustee, Ritchie Brothers and GM shall not be unilaterally cancelled or postponed by GM absent an Order of this Court. After such visit and inspection, as to any Assets at the Premises that the Trustee and Ritchie Brothers determine that Ritchie Brothers will not collect or retrieve, the Trustee and GM shall work in good faith to arrange for salvage titles or other documents of transfer, title, or ownership allowing GM to sell or otherwise dispose of all such Assets, and apply the proceeds thereof (if any) to its claims. If the Trustee and Ritchie Brothers determine to collect or retrieve any Assets at the Premises, then the Trustee, GM and Ritchie Brothers shall work in good faith on protocols consistent with GM's procedures for third parties' entrance onto and/or work at the Premises, allowing Ritchie Brothers to retrieve such Assets owned by the Debtors. Any Interest of any party in the Assets at the Premises, including all Interests of Cerberus and GM in the Assets at the Premises, shall attach to the proceeds attributable to the

property against or in which such Interests were asserted, subject to the terms thereof, with the same validity, force and effect, and in the same order of priority, that such Interests now have against such property. Thereafter, the Trustee, Cerberus and GM shall work in good faith to determine such Interests, or seek an appropriate Order of this Court as to such matters. In all respects, as to any Assets remaining on the Premises as of July 28, 2025, the Trustee and Ritchie Brothers waive any right to retrieve or collect such Assets, and GM shall be allowed to apply any proceeds from GM's sale or other disposition of such Assets to its claims. Nothing in this Order shall address any arguments made by GM as to any obligation of the Trustee to remediate the Premises, or remove hazardous or harmful materials left at the Premises, nor any position the Trustee may take that no such obligation exists; provided further, that Ritchie Brothers is under no duty or obligation to indemnify GM as requested by GM in its objection. All other objections raised by GM relating to the Motion are hereby withdrawn.

20. Nothing in this order affects or modifies Ritchie Brothers right to payment from the proceeds of sale of the Assets as approved separately by this Court.

21. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order, all Purchase Instruments and any other agreements executed in connection therewith to which the Trustee is party or which has been assigned by the Trustee to the Purchasers, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sales, including, but not limited to, retaining jurisdiction to: (a) compel delivery of any of the Sold Assets to the Purchasers; (b) interpret, implement, and enforce the provisions of this Order; and (c) protect any of the Purchasers against any alleged Interests asserted against any of the Sold Assets.

USBJ
5/28/2025